No. 98-645

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 75N

ANTHONY K. BLACKMORE

a/k/a TONY BLACKMORE,

Plaintiff and Appellant,

v.

RANDALL O. BRATEN,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable G. Todd Baugh, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Morris J. Braden, Billings, Montana

For Respondent:

Mark D. Parker, Parker Law Firm, Billings, Montana

Submitted on Briefs: April 1, 1999

Decided: April 15, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**•1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**•2. Anthony K. Blackmore (Blackmore) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his complaint against Randall O. Braten (Braten) for breach of a livestock lease agreement. We affirm.**

**•3. The sole issue on appeal is whether the District Court erred in dismissing Blackmore•s complaint.**

**•4. The complaint in this case was filed on October 26, 1995. An answer was filed on December 8, 1995. The District Court held a scheduling conference and set the date**

for trial on September 30, 1996. Prior to the time set for trial, counsel for the parties informed the District Court that they needed more time in which to prepare for trial and requested that the court vacate the trial date.

•5. The District Court granted this request and directed counsel for Blackmore to prepare an order to that effect. However, no such order was ever submitted. The District Court, therefore, *sua sponte* prepared a new scheduling order setting a trial date for July 14, 1997.

•6. At the pretrial conference, counsel for plaintiff indicated that his office staff had made a scheduling error on his trial calendar, and he would require additional time to prepare for trial. The District Court granted plaintiff•s motion for a further continuance and a new trial date was set for February 9, 1998. In the scheduling order, the District Court set December 15, 1997, as the final day for the completion of discovery and further directed counsel for plaintiff to convene an attorney•s conference during the week of January 12, 1998, for the purpose of completing the final pretrial order.

•7. Prior to the February 9, 1998 trial date, the District Court judge presiding in this case recused herself and a substitute judge was assigned. The reassignment of judges resulted in the pretrial conference being rescheduled, but did not result in a rescheduling of the February 9, 1998 trial date.

•8. On January 22, 1998, Braten filed a motion to dismiss pursuant to Rule 41(b), M.R.Civ.P. Blackmore did not respond to the motion, and the District Court, taking this as an admission that the motion was well taken, granted the motion and dismissed the complaint. Blackmore appeals.

•9. Did the District Court err in dismissing Blackmore•s complaint ?

•10. In its order dismissing this action, the District Court notes that pursuant to Rule 2 of the Uniform District Court Rules, a failure to respond to a motion is deemed an admission that the motion is well taken. Moreover, in reviewing the file in conjunction with Braten•s motion, the District Court noted that apart from the complaint, no other documents were filed by Blackmore in this action. The District Court also noted that the trial date had been set and reset three times and that Blackmore had failed to comply with more than one court order relating to trial.

**•11. Blackmore argues that the District Court erred in dismissing his complaint because the criteria for dismissing an action under Rule 41(b), M.R.Civ.P., have not been satisfied in this instance and that his failure to respond to Braten•s motion to dismiss was due to his confusion regarding the appointment of a new judge, the rescheduling of the pretrial conference and his assumption that a new trial date would be set.**

**•12. Rule 2 of the Uniform District Court Rules provides:**

> (a) Upon filing a motion or within five days thereafter, the moving party shall file a brief. The brief may be accompanied by appropriate supporting documents. Within ten days thereafter the adverse party shall file an answer brief which also may be accompanied by appropriate supporting documents. Within ten days thereafter, movant may file a reply brief or other appropriate responsive documents.
>
> (b) Failure to file briefs. Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

We have interpreted this Rule as allowing the trial court discretion to either grant or deny an unanswered motion. *Maberry v. Gueths* (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289.

Our standard of review of discretionary trial administration rulings is whether the trial court abused its discretion. *Steer Inc. v. Department of Revenue* (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04.

**•13. We reject Blackmore•s argument that the District Court erred in dismissing this complaint under the criteria set forth in Rule 41(b), M.R.Civ.P. Blackmore•s failure to respond to the motion to dismiss was properly deemed an admission that the motion was well taken. To allow Blackmore to advance on appeal his arguments**

regarding the merits of Braten•s motion after his failure to respond to that motion in the District Court would wholly undermine the purpose behind Rule 2 of the Uniform District Court Rules that parties be required to respond in a timely manner to pleadings filed before the courts. We therefore decline to address Blackmore•s arguments regarding the merits of Braten•s motion to dismiss for failure to prosecute under Rule 41(b), M.R.Civ.P.

•14. Moreover, Blackmore•s argument that he failed to respond to the motion to dismiss because there had been an intervening substitution of judges is without merit. Blackmore cites no authority for his position that the substitution of judges in this case rendered Braten•s motion to dismiss moot, or otherwise excused him from responding to a motion properly submitted before the District Court. We therefore hold that the District Court did not abuse its discretion in granting Braten•s unanswered motion to dismiss.

•15. For the foregoing reasons, we hold that the District Court did not abuse its discretion in dismissing this action. The judgment of the District Court is affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART